IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GOODMAN FACTORS, A DIVISION OF                                              PLAINTIFF
INDEPENDENT BANK

VS.                                              CIVIL ACTION NO. 3:19-cv-727-CWR-FKB

SOUTHFORK LAND & CATTLE                                                     DEFENDANT
COMPANY, INC.

## REPORT AND RECOMMENDATION

This case is before the undersigned on Plaintiff's Motion To Enforce Settlement And Compel Defendant To Execute Settlement Agreement [26], which was referred to the undersigned by the district judge pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. *See* Order [29]. Also before the Court is Plaintiff's Motion To Reopen Case [28]. Defendant filed a response [27] to Plaintiff's motion [26] to enforce settlement. Having reviewed the parties' submissions, the undersigned recommends that Plaintiff's motion [28] be granted and Plaintiff's motion [26] be granted in part and denied in part.

The parties first came before the undersigned for a telephonic settlement conference (the "First Settlement Conference") on May 14, 2020. Counsel and representatives with binding settlement authority for both parties appeared by telephone with the undersigned for the First Settlement Conference. At the conclusion of negotiations, the parties agreed to settlement terms which were confirmed with the undersigned. Accordingly, the Court entered an Order of Dismissal, stating: "The parties have announced to the Court a settlement of this case, and the Court desires that this matter be finally closed on its docket." [25]. The Order further provided that "[i]f any party fails to execute or comply with the settlement agreement, an aggrieved party or parties may reopen the case to enforce the settlement agreement." *Id*.

Subsequently, Defendant refused to sign the settlement agreement and requested additional terms to which the parties had not agreed. On July 29, 2020, the parties again came before the undersigned for a telephonic settlement conference (the "Second Settlement Conference"). Counsel and the same representatives for both parties appeared by telephone with the undersigned for the Second Settlement Conference. At the conclusion of negotiations, the parties agreed to settlement terms which were communicated to the undersigned.[1] This time, the undersigned confirmed the terms of the settlement by email. However, Defendant now again refuses to sign the settlement agreement memorializing the terms to which Defendant agreed.

The terms of the settlement agreement to which the parties agreed (and which the undersigned confirmed by email) at the conclusion of the Second Settlement Conference are set forth in "Exhibit C" to Plaintiff's motion. *See* [26-1] at 10-15. One of those terms provides that "[t]his agreement shall be governed by the laws of Mississippi." *Id*. at 11. As the Mississippi Court of Appeals has stated, "It is elementary that when two parties come to a meeting of the minds, announce to the trial court that an agreement or settlement has been reached, and then recite the details of that agreement to the court on record, a settlement has been formed." *Carroll v. Henry*, 798 So.2d 560, 561 (Miss. Ct. App. 2001). All of those factors are present here, and therefore, the undersigned recommends that this Court find the Settlement Agreement, attached to Plaintiff's motion [26] as "Exhibit C," binding and fully enforceable. *See* [26-1] at 10-15.

The Settlement Agreement includes that a Consent Order of Final Judgment "shall be entered" in this case. [26-1] at 10. The Consent Order of Final Judgment to which the parties agreed is also set forth in "Exhibit C" to Plaintiff's motion. The undersigned further recommends that the

---

[1] The terms to which the parties agreed at the Second Settlement Conference were more favorable to Defendant than the terms to which the parties had agreed at the First Settlement Conference.

Consent Order of Final Judgment, attached to Plaintiff's motion [26], be entered in this case. *See* Consent Order of Final Judgment, [26-1] at 13-15.

For the reasons stated above, the undersigned recommends that:

(1)     Plaintiff's Motion To Reopen Case [28] be granted and that this case be reopened to enforce the parties' settlement agreement;

(2)     Plaintiff's Motion To Enforce Settlement And Compel Defendant To Execute Settlement Agreement [26] be granted in part and denied in part. Specifically, the undersigned recommends that the Court find and declare the Settlement Agreement, attached to Plaintiff's motion [26] as "Exhibit C," binding and fully enforceable, *See* [26-1] at 10-15, and deny Plaintiff's request that the Court compel Defendant to execute the Settlement Agreement on the grounds that the requested relief is moot and unnecessary; and

(3)     The Court enter the Consent Order of Final Judgment, attached to Plaintiff's motion [26], in this case. *See* Consent Order of Final Judgment, [26-1] at 13-15.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 28th day of October, 2020.

        /s/  F. Keith Ball
       UNITED STATES MAGISTRATE JUDGE